UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 11-61596-CIV DIMITROULEAS/SNOW

GASTON A. ENRIQUE,

       Plaintiff,

vs.

APHIS MILLWORK & CABINETRY, INC.
and JUAN GEYMONAT,

       Defendants.
_____/

## DEFENDANT, JUAN GEYMONAT, MOTION TO DISSOLVE WRIT OF GARNISHMENT ISSUED AS TO GARNISHEE, JPMORGAN CHASE BANK N.A. [D.E 85] AND MEMORANDUM OF LAW IN SUPPORT

Defendant, JUAN GEYMONAT, by and through his undersigned counsel pursuant to Rule 69, Federal Rules of Civil Procedure moves this Court for the entry of an Order dissolving a Writ of Garnishment as to Garnishee, JPMorgan Chase Bank N.A., and states:

1. Plaintiff caused a Writ of Garnishment to be served upon JPMorgan Chase Bank N.A. and filed its Answer on May 19, 2017 [D.E 90].

2. JPMorgan Chase Bank N.A., according to its Answer, froze a $14,007.42 on May 9, 2017 according to its Answer.

3. The judgment against JUAN GEYMONAT was satisfied on May 30, 2017. See Plaintiff's Notice of Receipt of Remaining Balance of Judgment, etc. [D.E. 94].

4. Accordingly, the Writ of Garnishment as to the JPMorgan Chase Bank N.A. must be dissolved.

## **MEMORANDUM OF LAW**

5. In this case, the subject Continuing Writ of Garnishment is based upon Default Judgment entered against the Aphis Millwork Cabinetry Inc. on July 24, 2012 [D.E.38] and a Default Judgment against JUAN GEYMONAT entered on September 10, 2012 [D.E.43].

6. Neither judgment liquidated Plaintiff's claims for attorney's fees and court costs.

7. It is undisputed that "on the late afternoon of March 30, 2017 [SIC May 30, 2017] Plaintiff's counsel received a cashier's check from Defendant, JUAN GEYMONAT, for the remaining balance of the judgment plus an "additional $355 in costs incurred since April 25, 2017". Plaintiff's Notice of Receipt of Remaining Balance of Judgment [D.E. 94].

8. As a matter of law, execution on judgments pursuant to Rule 69, Federal Rules of Civil Procedure is governed by Florida law.

9. As a matter of Florida law, "for a post-judgment garnishment, the total amount sought to garnished must be contained in a judgment that existed prior to the issuance of the writ". Pineiro v. American Express Card Services Company, 105 So.3d 614, 616 (Fla. 4th DCA 2013); See also, Security Bank v. BellSouth Advertising Publishing, 679 So.2d 795, 801 (Fla. 3d DCA 1996) ("judgment cannot be entered against the garnishee until the Plaintiff has recovered judgment against the original defendant… Furthermore, even if the garnishee is holding double the amount of plaintiff of his claim, plaintiff is not entitled to double recovery default judgment… Notwithstanding that there has been a default, plaintiff can only obtain judgment against

the garnishee for the amount of the plaintiff's judgment against the original defendant… In sum, sub sec. 77.081(2) places a cap on plaintiff's recovery where prejudgment garnishee has withheld amounts that exceed plaintiff's judgment in the underlying action, plus interest and costs".)

10. The Pineiro v. American Express Card Services Company, supra, case is controlling.

11. In Pineiro v. American Express Card Services Company, the Fourth District Court of Appeals reversed the trial court's order allowing a continuing writ of garnishment to continue until the underlying judgment and additional attorney's fees and court costs were satisfied.

12. The Fourth District Court of Appeals reversed holding specifically that as in this case because "garnishment statutes are strictly construed" and "Chapter 77 does not authorize inclusion of this additional amount in the final judgment in garnishment… The amount awarded by the court as additional attorney's fees could not be included in the final judgment and continuing garnishment because that amount had not yet been reduced to final judgment".

13. Accordingly, as a matter of law, the writ of garnishment served on JP Morgan Chase Bank N.A. must be dissolved.

## CERTIFICATE OF COUNSEL

Undersigned counsel certifies that prior to filing this motion a good faith effort to resolve by agreement the issues raised in this motion was made to resolve the dispute, specifically, an email was sent to opposing counsel on June 22, 2017 and 9:57 AM, to which no response was received as of the time of this motion.

WHEREFORE Defendant, JUAN GEYMONAT, respectfully requests the Court dissolve the writ of garnishment directed to JPMorgan Chase Bank N.A. Account No.: 0079 and awarding such further and/or different relief as is necessary to do substantial justice between the parties.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 22, 2017 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        **s/Allan S. Reiss**
        Allan S. Reiss (Florida Bar Number: 858500)
        Asr@Levinelawfirm.Com
        Levine & Partners, P.A.
        3350 Mary Street
        Miami, FL 33131
        (305) 372-1350    (Telephone)
        (305) 432-3203    (Facsimile)
        Attorneys for Defendants

## SERVICE LIST

**J.H. Zidell, Esquire**
**J.H. Zidell, P.A.**
**300 71 street, Suite 605**
**Miami Beach, Florida 33141**
Phone: 305-865-6766
Fax:   305-865-7167
Email: zabogado@aol.com
Attorneys for Plaintiff


VIA U.S. Mail to:

Sandra L. Harris
JPMorgan Chase Bank N.A.
Court Orders and Levies
P.O. Box 183164
Columbus, OH 43218-3164